PARSONS *against* PARSONS and others.

An endorsee of a promissory note endorsed after the maker's death, may, in his own name, sue the maker's heirs, &c. under the act, (1 R. L. 316.)
Though a promissory note be endorsed long after it fall due, it may be declared on as endorsed when it was due.

A note being endorsed after the maker's death, the endorsee declared against the maker's heirs; and alleged that the intestate, in his life time, became liable to pay the plaintiff; and by reason of the premises an action accrued against the heirs. Plea, that the intestate did not owe the plaintiff, in his lifetime. Held, that this was no variance; that the plea was vicious in denying a debt to the plaintiff during the intestate's lifetime; but that the defendants could not take advantage of the defect.

The defendant, the verdict being against him, cannot object that his own plea was vicious, as tendering an immaterial issue.

DEBT against the defendants, as heirs of S. Parsons, jun. deceased, tried September 21, 1824, before DUER, C. Judge.

The declaration contained two counts. The first was on a promissory note made by S. Parsons, jun. to Legget, dated the 9th April, 1819, for $200, payable to Leggett or order, on the 1st December, 1820. The declaration stated, that the note was, on the day of its date, endorsed by the payee to the plaintiff; and that S. Parsons, jun. in his life time, had notice of the endorsement; and that by reason thereof, and by force of the statute, he in his life time, be-

came liable to pay to the plaintiff the sum of money in the note mentioned ; and that by reason of the premises, and by virtue of the act for the relief of creditors against heirs and devisees, an action accrued to the plaintiff, to demand of the heirs at law, &c. The second count was for money lent by the plaintiff to S. Parsons, jun. Breach to both counts, that S. Parsons, jun. in his life time, and his heirs after his death, had not paid, &c.

NEW YORK,<br>
May, 1826<br>
<br>
Parsons<br>
v.<br>
Parsons.

The defendants pleaded, by their guardian, that S. Parsons, jun. deceased, in his life time, did not owe to the plaintiff the several sums of money demanded by the declaration, nor any, nor either of them.

The plaintiff introduced in evidence, the note set forth in the declaration ; but it was proved that it had been endorsed to the plaintiff about two years after its date, and some time after the death of S. Parsons, jun.

On the part of the defendants, it was objected that the plaintiff could not recover on the note ; 1. Because the heirs at law were not liable by the statute relating to heirs and devisees, except to a creditor of the deceased ; and that the plaintiff never was *his* creditor, 2. Because the proof varied from the declaration, which stated the note to have been endorsed on the day of its date ; that the *deceased* had notice of the endorsement ; and that the deceased became liable to pay. 3. Because, by the plea, the issue to be tried was, whether the deceased was indebted to the plaintiff. The judge overruled these objections.

The plaintiff also gave in evidence the payment of twenty dollars for S. Parsons, jun. deceased, some time in 1819.

The jury found for the plaintiff, on the first count of the declaration, the debt, $200, and damages, $47 46, being the interest on the note ; and, on the second count, $27 84, being the $20 lent, and interest thereon, parcel of the debt in that count mentioned, and *nil debent* as to the residue.

A motion was now made, on the part of the defendants, for a new trial, on the grounds taken at the circuit.

*Van Dyck* and *Bronk* for the defendants.

*A. Kirtland,* contra.

*Curia,* per WOODWORTH, J. The first question is, was the plaintiff a creditor of the deceased ?

By the first section of the act, (1 R. L. 316,) every creditor, whether by simple contract or specialty, may maintain his action against the heirs at law of any debtor.

At the common law the heir was not liable on the simple contract of his ancestor ; nor on a specialty, unless the heir was named. The intent of the statute was, to enlarge the remedy. That is done in general terms, by saying *every creditor* may maintain his action. As this is a remedial statute, it should be construed liberally, so as to advance the remedy. Every person, who holds a demand arising on simple contract or specialty, seems to be within the meaning of this section. Such persons are certainly creditors within the general acceptation of the term, whether a right of action accrued in the life time of the deceased ; or subsequently, by the transfer of negotiable paper. They would be recognized as such in a course of administration. There is nothing in the words of the section, confining the remedy to persons who were creditors of the ancestor at the time of his death. If such be the construction, great inconveniences would result. In the case of an assignment by an insolvent debtor, who was the payee of a note, if the assignee is not a creditor within the meaning of the act, there is no remedy at law against the heir ; for the insolvent cannot sue. So, also, the executors of a deceased payee of a note may not be creditors of the deceased maker in his life time ; and yet it would not, I apprehend, be contended that they would be without the act, because the maker happened to die before their testator.

My opinion is, that under this section the plaintiff may sustain the action.

But it is contended that the *proviso,* in the third section is decisive of the question. This section declares, that no judgment against any executor or administrator, for any debt, damages, or sum of money, in right of his testator or intestate, shall be adjudged a bar to any subsequent action against

the heirs; but that the heirs shall be liable as if no such
judgment had been recovered; provided, that nothing therein contained shall be construed to make any heirs liable to
any other person than a creditor of the deceased by simple
contract or specialty, in like manner as is expressed in the
first section of the act, and not otherwise.

The enacting part of this section speaks of debts, damages, or sums of money, for which judgment may be recovered against the executor. Damages may be recovered against an executor or administrator, in trespass; (1 R. L. 311-12;) but no action lies against the heir. When it is declared generally, that a recovery for any of the causes specified, shall not be a bar to a subsequent action against the heir, it would seem to imply, that an action would lie against the heir, when the recovery had been against the executor for damages, although not arising on simple contract or specialty. I apprehend the *proviso* was intended to guard against such a construction; and explicitly to declare that the heir should not be liable except as specified in the first section. But the *proviso* does not profess to vary its operation. On the contrary, it expressly refers to it; and declares that the heir shall be liable in like manner as is expressed in that section; and not otherwise.

The variance between the declaration and proof is not material. The plaintiff may declare that an endorsement is made on the date of a note, although it is made afterwards.

It is also urged that the proof did not maintain the issue; which is, that the intestate did not owe the plaintiff. The allegation in this declaration is, that the intestate, in his life time, became liable to pay the plaintiff; and by reason of the premises, an action accrued to the plaintiff to demand of the heirs at law. I consider the latter allegation as the substantial part. The other seems to me immaterial. If so, the defendants tendered an immaterial issue, by denying any indebtedness of S. Parsons, jun. *in his life time*, to the plaintiff.

The defendants were called on to answer whether they were liable on this note. If they are, then it cannot be material to inquire, whether the plaintiff had any claim against

NEW YORK,  the intestate, in his life time. If the issue is misjoined, the
May, 1826.  objection is removed by the statute of *jeofails*, (1 R. L. 119.)

Trongott   It is a rule, that where a defendant pleads an insufficient
v.        plea, whereon issue is joined, and a verdict for the plaintiff;
Byers.    no advantage shall be taken by the defendant of his own
bad pleading. (5 Com. Dig. Pleader, (E. 37).)

I am of opinion, that the plaintiff is entitled to retain his
verdict on the first count; and that the motion for a new
trial be denied.

New trial denied.